HUMAN RIGHTS DEFENSE CENTER,
a not-for-profit corporation,

      Plaintiff,

      v.

FOND DU LAC COUNTY, WISCONSIN;
RYAN WALDSCHMIDT, Sheriff,
individually and in his official capacity;
KEVIN GALSKE, Undersheriff, individually
and in his official capacity; JAMES BORGEN,
Jail Administrator, individually and in his
official capacity; and JOHN AND JANE
DOES 1-10, Staff, individually and in their
official capacities,

      Defendants.

Case No.

JURY TRIAL DEMANDED

## COMPLAINT

## <u>INTRODUCTION</u>

1. The United States Supreme Court has long recognized that the freedom for incarcerated individuals to correspond with and read materials from the outside world carries important benefits to both prisoners and society as a whole. Plaintiff, the Human Rights Defense Center ("HRDC" or "Plaintiff), provides prisoners across the United States with publications about their legal and civil rights, as well as options for accessing education while incarcerated. Defendants' policies and practices, however, frustrate HRDC's mission by unconstitutionally prohibiting delivery of Plaintiff's publications to prisoners housed in the Fond du Lac County Jail (the "Jail"), in violation of the First Amendment. Defendants' policies and practices also deny due process of law to senders, such as Plaintiff, whose mail is censored, by failing to provide notice of

and an opportunity to challenge each instance of censorship as required by the Fourteenth Amendment. HRDC brings this action to enjoin Defendants' censorship of its books and magazines sent to prisoners held in the Jail, and to require Defendants to provide due process when they reject items sent to prisoners at the Jail.

## JURISDICTION AND VENUE

2. This suit is brought under 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted here all occurred within this judicial district.

4. HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and this Court also has jurisdiction to award damages against all Defendants.

6. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

2

## PARTIES

7.  HRDC is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the State of Washington and with principal offices in Boynton Beach, Florida.

8.  Defendant Fond du Lac County, Wisconsin (the "County") is a unit of government organized and existing under the laws of the State of Wisconsin. The County operates the Jail, and it was and is responsible for adopting and implementing policies governing incoming mail and publications for prisoners at the Jail.

9.  Defendant Ryan Waldschmidt is the Sheriff of Fond du Lac County, Wisconsin. He has held that position since January 2019. Defendant Waldschmidt is employed by and is an agent of the County, and he is responsible for the overall management of the Jail. He has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures, including the policies, practices, and procedures relating to prisoners' receipt of mail and access to reading material. He is sued in his individual and official capacities.

10.  Defendant Kevin Galske is the Undersheriff of Fond du Lac County, Wisconsin. He has held that position since January 2019. Defendant Galske is employed by and is an agent of the County and Waldschmidt. Defendant Galske is responsible for the overall management of the Jail. He has responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures, including the policies, practices, and procedures relating to prisoners' receipt of mail and access to reading material. He is sued in his individual and official capacities.

11.  Defendant James Borgen is the Administrator of the Jail, and he has held that position since January 2019. Borgen is employed by and is an agent of the County and Waldschmidt. As Jail Administrator, Borgen is responsible for overseeing the management and

3

operations of the Jail, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Jail who interpret and apply the mail policy for prisoners. He is sued in his individual and official capacities.

12. The true names and identities of Defendant DOES 1 through 10 are unknown to the HRDC. Each of Defendants DOES 1 through 10 is or was employed by or were agents of the County and/or Defendant Waldschmidt. Defendant DOES 1 through 10 were personally involved in the adoption and/or implementation of the publications and mail policies at the Jail.

13. At all times material to this action, the actions of all Defendants as alleged here were taken under the authority and color of state law.

14. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the County.

## FACTUAL ALLEGATIONS

### A. HRDC's Mission and Outreach to Detention Facilities

15. For over thirty-five years, HRDC has focused its mission on education, advocacy, and outreach to prisoners and the public about the economic and social costs of prisons to society, the constitutional and human rights afforded to prisoners, and the ways in which prisoners can access education while incarcerated. HRDC's mission, if realized, helps prisoners educate themselves and has a salutary effect on public safety.

16. To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals.

4

17.     HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. Since its creation in 1990, HRDC has sent its publications to prisoners and librarians in more than 3,000 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and various facilities within the State of Wisconsin, such as FCI Oxford, the Taylor County Jail, and numerous prisons run by the Wisconsin Department of Corrections.

18.     HRDC publishes and distributes an award-winning monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights* ("*Prison Legal News*"), which contains news and analysis about correctional facilities, the rights of prisoners, court opinions, prison and jail conditions, excessive force, and religious freedom. *Prison Legal News* is published on newsprint bound by two small staples, and each edition is 72 pages long.

19.     HRDC also publishes and distributes a second monthly magazine titled *Criminal Legal News*: *Dedicated to Protecting Human Rights* ("*Criminal Legal News*"), which contains news and analysis about individual rights, court rulings, and other criminal legal-related issues. *Criminal Legal News* is also published on newsprint bound by two small staples, and was 48 pages long per edition, but has more recently expanded to 56 pages long.

20.     HRDC also publishes and/or distributes several different soft-cover books on criminal justice, health, and legal issues that are of interest to prisoners and others. Specifically, HRDC publishes and distributes *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Handbook*"), which provides information on enrolling at accredited higher educational, vocational and training schools. HRDC publishes and distributes the *Prison Education Guide*, which provides a comprehensive listing of correspondence programs available to prisoners including a detailed analysis of the quality and

5

cost of each program. HRDC does not publish, but is the sole national distributor of *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections and legal remedies available to persons concerning their health and safety while they are incarcerated.

21. In addition to its publications, HRDC also communicates with prisoners through the United States Postal Service by sending and receiving letters with pertinent information about HRDC's publications and related topics and sending subscription renewal letters. HRDC also sends informational brochures, which provide pertinent information about HRDC's publications.

22. HRDC has been attempting to send these important publications to prisoners incarcerated at the Jail. Yet, Defendants maintain mail policies or practices that unconstitutionally prevent HRDC from doing so.

B. **Defendants' Unconstitutional Policies and Practices**

23. Defendants' mail policy (the "Mail Policy") provides, in pertinent part, as follows:

> **MAIL**
>
> There is no limit to the amount of electronic mail that an inmate/juvenile may receive. Incoming mail will be distributed electronically to inmates as it is scanned in to their accounts.
>
> Incoming and outgoing mail will be inspected for security reasons. Mail deemed a security risk will not be delivered. Incoming mail will be reviewed by correctional staff and examined for such. Legal mail may be opened by the correctional officer in the presence of an inmate.
>
> Any incoming or outgoing mail that is deemed to be "gang related", "sexually explicate", illegal activity or inappropriate shall be denied, this includes personal photographs. Pornography and/or materials which incite or demean another race, sex, religion, or sexual preference will not be allowed for control reasons.
>
> **Effective 11/01/2024** The Jail will no longer allow any books (except religious), Publications (except religious), Games, or puzzles to be mailed/shipped into the facility.

24. The Mail Policy is posted on the Fond du Lac Sheriff's webpage at https://www.fdlsheriff.com/jail/jail-information (last visited April 10, 2026). The Mail Policy is both unconstitutional on its face and as applied.

25. By completely banning all books and magazines, aside from religious publications, Defendants' Mail Policy is unconstitutional on its face as it violates the rights of HRDC and the rights of all other publishers and distributors under the Free Speech Clause of the First Amendment. The Mail Policy also violates the Establishment Clause of the First Amendment by exclusively permitting religious publications while banning all secular publications.

26. Furthermore, Defendants have unconstitutionally applied the Mail Policy by censoring mail that HRDC has sent to prisoners.

27. Between December 2025 and April 2026, HRDC sent books, magazines, informational brochures, and correspondence to individuals confined at the Jail.

28. Between January 2026 and April 2026, seventy-one (71) of those items were returned to HRDC by the Jail. The items returned were addressed to individuals confirmed to still be in custody at the Jail on the day that HRDC received the returned mail.

29. The seventy-one (71) returned items received by HRDC consisted of: eighteen (18) copies of *Prison Legal News*; fourteen (14) copies *Criminal Legal News*; sixteen (16) copies of *PYHS*; eleven (11) copies of the *Prisoners' Handbook*; nine (9) copies of the *Prison Education Guide*; and three (3) informational brochures.

30. Many of the rejected items were returned to HRDC marked "RTS," "RETURN TO SENDER," and/or "UNABLE TO FORWARD." Several of the returned items were also stamped with an instruction to send inmate mail to a digital mail scanning facility in Arkansas.

7

31.     Upon information and belief, the Jail has failed to deliver other books, magazines, and correspondence mailed by HRDC to prisoners at the Jail, but those items were not returned to HRDC.

32.     Defendants failed to provide HRDC with any notice of these censorship decisions or any opportunity to appeal these censorship decisions. Therefore, Defendants' policies and practices also violate HRDC's Fourteenth Amendment rights to due process.

33.     Because of Defendants' actions, as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and, the inability to recruit new subscribers and supporters.

34.     Defendants, and other agents of the Jail, are responsible for or personally participated in, creating and implementing these unconstitutional polices, practices, and customs, or for ratifying and adopting them. Further, Defendants are responsible for training and supervising the staff members, whose conduct has injured and continues to injure HRDC.

35.     Defendants' actions and inactions were and are impermissibly motivated, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

36.     Plaintiff will continue to send its books and magazines to subscribers, customers, and other individuals imprisoned at the Jail.

37.     Defendants' unconstitutional policy, practices, and customs continue to violate HRDC's rights, and they were and are the moving force behind the injuries HRDC suffered and will continue to suffer as a direct result of the constitutional violations. As a result, HRDC has no adequate remedy at law.

38. Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied. The balance of hardship favors Plaintiff and the public interest will be served by granting injunctive and declaratory relief.

39. The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the Constitution will not have any significant negative impact on the Jail, its staff, prisoners, or the public.

40. HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications from HRDC and other publishers and distributers without legal justification, and prohibiting Defendants from censoring mail without due process of law.

## CLAIMS

### COUNT I – 42 U.S.C. § 1983
*Violation of the First Amendment (Free Speech)*

41. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. The acts described above constitute violations of HRDC's right to communicate with incarcerated individuals under the Free Speech Clause of the First Amendment.

43. Defendants' conduct was objectively unreasonable, arbitrary, and undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

44. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

9

45.     Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to damage HRDC.

46.     HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## COUNT II – 42 U.S.C. § 1983
### *Violation of the Fourteenth Amendment (Due Process)*

47.     HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Because HRDC has a liberty interest in communicating with prisoners, HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to challenge Defendants' decision to censor HRDC's written speech.

49.     Defendants' policies and practices fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

50.     Defendants' conduct was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

51.     HRDC's inquiries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

52.     Defendants' acts described above have caused damages to the HRDC, and if not enjoined, will continue to cause damage to the HRDC.

53.     HRDC seeks declaratory and injunctive relief, and nominal compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

1.     A declaration that Defendants' policies and practices violate the Constitution.

2.     A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

3.     Nominal damages for each violation of the HRDC's rights by the Defendants.

4.     Compensatory damages in an amount to be proved at trial.

5.     Punitive damages against the individual Defendants in an amount to be proved at trial.

6.     Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

7.     Any other such relief that this Court deems just and equitable.

## JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated:  April 15, 2026

Respectfully Submitted,

*/s/Brian C. Spahn*

Brian C. Spahn
State Bar No. 1060080
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 E. Michigan St., Suite 1800
Milwaukee, WI 53202
Telephone:  (414) 273-3500

11

Facsimile: (414) 273-5198
bspahn@gklaw.com
tcorreamcmichen@gklaw.com

Jonathan Picard
Florida Bar No.: 105477
*Pro Hac Vice* Application Forthcoming
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
Facsimile: (561) 828-8166
jpicard@humanrightsdefensecenter.org

*Attorneys for Plaintiff Human Rights
Defense Center*

38263870.1

12